## GILES *v.* LITTLE.

### (*Circuit Court, D. Nebraska.* January, 1881.)

WILL—CONSTRUCTION—POWER TO CONVEY FEE.

A bequest, " To my beloved wife, Edith J. Dawson, I give and bequeath all my estate, real and personal, of which I may die seized, *the same to remain and be hers, with full power, right, and authority to dispose of the same as to her shall seem meet and proper,* so long as she shall remain my widow," gives to the legatee unlimited power to dispose of any or all of the property bequeathed, so long as she remains a widow.

On Demurrer to Petition.

*J. M. Woolworth,* for plaintiff.

*Marquett, Deweese & Hall,* for defendant.

MCCRARY, C. J. Was Edith J. Dawson empowered by the will of Jacob Dawson to convey the fee of the premises? The answer to this question depends upon the construction of the will.

In its determination very little assistance can be derived from the consideration of adjudicated cases, since testamentary conveyances, unlike most others, present an endless variety of form and expression, and each must be construed very largely by a consideration of its own language and circumstances.

We have found great difficulty in arriving at a satisfactory conclusion as to the true construction of the will now under consideration.

but, upon the best consideration we are able to give it, we hold that the widow was authorized to convey the fee, and that the judgment must therefore be for the defendant. We base this conclusion upon the following considerations:

1. This construction is, we think, the only one by which we can give effect to the very comprehensive terms in which the bequest is expressed, to-wit: "To my beloved wife, Edith J. Dawson, I give and bequeath all my estate, real and personal, of which I may die seized, *the same to remain and be hers, with full power, right, and authority to dispose of the same as to her shall seem meet and proper,* so long as she shall remain my widow." The whole property was to be hers. The power of disposal was given by words well chosen to express the most unlimited control. The whole instrument must be construed together, and the words just quoted must have their ordinary meaning, except in so far as they are controlled by the other terms employed. The concluding words in the above quotation, "so long as she shall remain my widow," do not restrain or limit the *power* of disposal, but only the *time* of its exercise. The devisee had unlimited power to dispose of any or all the property bequeathed, provided she exercised it during her widowhood.

2. The condition can have full effect by giving the whole instrument the meaning above stated. The words are: "Upon the express condition that if she shall marry again, then it is my will that all of the estate herein bequeathed, or whatever may remain, shall go to my surviving children, share and share alike." If the language here employed had been such as to convey the idea that the estate bequeathed was to remain for the children it would have greatly strengthened the position of plaintiff. But, on the contrary, the language used clearly shows that the testator contemplated the possibility, at least, that the widow might, under her unlimited power of disposal during widowhood, sell and convey a part or all of the property, and hence in case of her marriage the children were to receive the estate bequeathed, "or whatever shall remain." It is only by conceding the power of disposal as to part that we can conceive of a remainder, and if she had power to dispose of a part she had power to dispose of all. Her control was precisely the same over every part of the estate.

3. The construction we have adopted is the only one that will give effect to every clause of the will. As we have seen, no other construction is consistent with the terms of the first clause of the will, which declares the property hers, with power to dispose of it as to her

shall seem meet and proper. To hold that she took only an estate for years, with power to dispose of no more, would be to nullify so much of the instrument as gave her the property "with power, right, and authority to dispose of the same as to her shall seem meet and proper." The construction contended for by plaintiff is also inconsistent with some of the language used in the condition, while that we have adopted will give effect to all the clauses. Unless we hold that the power of disposal was conferred upon the widow by the will, we can give no meaning or effect to that clause in the condition which gives to the children, in case of the marriage of the widow, the estate bequeathed "or whatever may remain." As already suggested, this implies that a part may be disposed of, and proceeds upon the theory that there was a power of disposal given by the will. It is insisted that the words "or whatever may remain" apply only to the personal estate; but an examination of the terms of the instrument will show that there is no room for this construction. It is "the estate herein bequeathed," whether real or personal, or both, "or whatever may remain;" that is, whatever may remain of the estate that is to go to the children. By recognizing the power of disposal we can give meaning to this clause, and in no other way can it have any meaning or effect.

4. The construction we adopt seems to us the most reasonable. The power to sell the widow's interest during her widowhood would have been so uncertain as to the extent of the interest to be conveyed as to be almost valueless. A title which could be ended the day after it was given by the marriage of the grantor would be too uncertain to be of any value. It is scarcely conceivable that the testator would have been so careful to employ the well-chosen words found in the will giving the widow such unlimited discretion as to the disposal of the estate, if he had intended only to empower her to convey an interest that might be at any moment defeated by her marriage.

5. The statute of Nebraska, according to which the will must be construed, provides as follows, (Gen. St. p. 300, § 124:) "Every devise of land in any will hereafter made shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate."

This statute clearly requires that construction of the will which favors the theory that the whole estate was transferred thereby.

The demurrer to the petition is sustained, and if plaintiff stands upon his petition there will be judgment for defendant.